IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIRECTORS OF THE OHIO
CONFERENCE OF PLASTERERS
AND CEMENT MASONS
COMBINED FUNDS, INC.,

    Plaintiffs,

v.

MEERKAT CONSTRUCTION,
INC.,

    Defendant.

Case No. 3:18-cv-00122

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. #20) AS FOLLOWS: (1) ORDERING DEFENDANT TO SUBMIT TO A PAYROLL AUDIT OF ITS RECORDS AND BOOKS FOR THE PERIOD OF APRIL 2016 THROUGH THE PRESENT AND (2) ENTERING JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT FOR ALL UNPAID AND DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES AND INTEREST, FOR THE PERIOD OF APRIL 2016 THROUGH THE PRESENT, IN AN AMOUNT TO BE DETERMINED FOLLOWING THE AUDIT; HEARING ON DAMAGES TO BE HELD FOLLOWING AUDIT COMPLETION

---

This case is before the Court on a motion for summary judgment filed by Plaintiffs, the Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Plaintiffs" or "Directors"), Doc. #20, along with a declaration in support, Doc. #20-1, PAGEID##212-213. The Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Combined Funds"), is a corporation formed for the purpose of collecting employer contributions due to

various multiemployer benefit plans.[1] These plans are affiliated with the Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO ("Cement Masons"). Doc. #20, PAGEID#199,

Defendant, Meerkat Construction, Inc. ("Defendant" or "Meerkat"), is a signatory to two CBAs. Doc. #1-5 (Cement Masons CBA), PAGEID 118 and Doc. #1-6 (Heavy-Highway CBA), PAGEID 152; Doc.20-1, PAGEID##212-213. Meerkat has filed no response to the motion for summary judgment.

The Directors bring this action against Meerkat for violations of § 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA") and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Doc. #1, PAGEID#2. Plaintiffs seek an order compelling a payroll audit of Meerkat's books and records from April 2016 to the present in order to determine the amount of judgment against Meerkat for delinquent contributions, liquidated damages and interest. Plaintiffs also move for a judgment in their favor, as to liability only, for all delinquent contributions, reports and liquidated damages, under both ERISA and the LMRA.

---

[1] A multiemployer benefit plan is a mechanism that allows employers to provide employee benefits to tradespersons who work for multiple employers throughout the course of a year. Employers elect to participate in the benefit plans by executing a Collective Bargaining Agreement ("CBA"). These benefit plans are funded by employer contributions. Doc. #20, PAGEID#199

2

For the reasons set forth below, Plaintiffs' motion, Doc. #20, is sustained, subject to a further hearing as to the amount, if any, of damages for delinquent contributions and liquidated damages.

I. **Procedural and Factual Background**

Plaintiffs bring this action, as fiduciaries of Meerkat's employees and their dependents, in order to collect certain benefit contributions that the Directors contend Meerkat has not made to the Combined Funds. Doc. #20, PAGEID#207. In addition to the two CBAs attached to the Complaint, which Meerkat signed, the Complaint also includes as exhibits an Ohio Conference of Plasterers and Cement Masons Health and Welfare Fund ("Health Fund") and the Operative Plasterers' and Cement Masons Local Union No. 109 Pension Fund ("Pension Fund") (collectively the "Funds") as well as a Contribution, Collection and Overpayment Policy ("Collection Policy"). Docs. ## 1-2, 1-3, 1-4. The two Trust Agreements are incorporated by reference into the two CBAs. Doc. 1-5, PAGEID##111-112; Doc. #1-6 PAGEID152. The Collection Policy, Doc. 1-4, was adopted by the Directors pursuant to requirements by the Department of Labor and permits both random and for cause employer audits. Doc. 1-4, ##102 and 104.[2]

---

[2] The Trust Agreements grant the Trustees the authority to create and implement collection policies which was, in turn, delegated to the Directors. Doc. 1-2, PAGEID#39; Doc.#1-3, PAGEID##83 and 84.

3

Plaintiffs contend that by signing the CBAs for the Cement Masons and Heavy-Highway, Meerkat is contractually obligated to submit reports of the hours worked by covered employees so that the amount of the employer benefit contribution payments could be determined and paid by Defendant to the Combined Funds. The contribution ultimately remitted by Meerkat is used to fund the fringe benefit contributions to the Funds. Doc. #20-1, PAGEID ##212-213.

Although the CBAs, Docs. ##1-5 and 1-6, require Meerkat to submit the employees' monthly hour reports, the Directors argue that this employer has failed to do so beginning in April of 2016. Doc. #20-1, PAGEID#213. Additionally, Meerkat was selected for an audit in or around December 2017, but has refused to comply. *Id.*

The Directors filed their Complaint against Meerkat on April 16, 2018, Doc. #1, and service was completed on May 31, 2018. On July 6, 2018, an Entry of Default was filed. Docs. ##4 and 8.

## II.  Standard of Review

**Legal Analysis**

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying

those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477

5

U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III. Legal Analysis

When a motion for summary judgment is unopposed, this Court can properly rely on the unrefuted evidence before it. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404–05 (6th Cir.1992), as cited in *American Marietta Corp. v. Essroc. Cement Corp.*, 59 Fed. Appx 668 (6th Cir. 2003) (district court properly relied on moving party's unrefuted evidence that all required lien releases had been provided making summary judgment proper).

In this case, the Court has reviewed Plaintiffs' Complaint, Doc. #1, and exhibits, including the Cement Masons CBA and Heavy-Highway CBA, Docs. ##1-5 and 1-6, along with the two Trust Agreements, Docs. ##1-2 and 1-3, Collection Policy, Doc. #1-4, motion for summary judgment, Doc. #20, and the declaration of Tim Myers, the Administrator and Plan Manager for the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. Doc. #20-1. Based on the Court's review of these pleadings, exhibits and declaration, the unrefuted evidence is as follows: (1) Meerkat is a signatory to the CBAs for the Cement Masons and Heavy-Highway, Doc. #20, PAGEID#213; (2) the CBAs contractually require Meerkat to submit reports of the hours worked by covered employees so that the amount of the employer benefit contribution payments can be determined and paid to the Combined Funds, Doc. #1-5, PAGEID#14 and Doc. #1-6, PAGEID#34; (3) Beginning in April 2016 and through the present day, Meerkat has failed to remit contribution payments and submit monthly reports to the Directors, Doc. #20, PAGEID#213; and (4) although in or around December 2017, Defendant was selected for an audit under Plaintiffs' audit program, Meerkat has refused to submit to a payroll audit. *Id.*

Plaintiffs assert that there is no genuine issue of any material fact, and that they are entitled, as a matter of law, to an order from this Court compelling Defendant to submit to a payroll audit for the time period from April 2016 to the present pursuant to Count V of the Complaint. Based on the above unrefuted evidence, this Court agrees that the Directors are entitled to such an order.

Plaintiffs' motion for summary judgment motion also requests that judgment be entered in their favor as to Meerkat's liability for Counts I - IV of their Complaint. Doc. #20, PAGEID#204. "Counts I and II relate to Meerkat's failure to remit contributions, and failure to submit monthly reports, while Count III and IV relate to Meerkat's failure to pay liquidated damages and interest on the delinquent contributions." *Id*. The Directors contend that Meerkat has failed to comply with the clear terms of the CBAs, Trust Agreements and Collection Policy. The Court finds that Defendant was required to remit contributions, Doc.#1-3, PAGEID#66 and submit monthly reports, Doc.1-4, PAGEID#102, to Plaintiffs and that the failure of Meerkat to do so entitles Plaintiffs to liquidated damages, Doc. # 1-4, PAGEID#103 and interest. *Id*. Accordingly, Plaintiffs' motion for summary judgment on the issue of liability only for Counts I through IV is sustained.

**IV.    Conclusion**

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment, Doc. #20, is SUSTAINED as follows:

(1) Defendant is ORDERED to submit to a payroll audit of its records and books for the period of April 2016 through the present, not later than the close of business on Friday, August 16, 2019;

(2) Judgment is entered in favor of Plaintiffs and against Defendant for all unpaid and delinquent contributions, liquidated damages and interest, as defined by the CBAs, Docs. ##1-5 and 1-6, Trust Agreements, Docs.

8

##1-2 and 1-3, and the Collection Policy, Doc. #1-4, for the period of April 2016 through the present, in an amount to be determined following the audit; and

(3) A hearing on damages will be held following the audit's completion.

Date: July 19, 2019

                                              WALTER H. RICE
                                              UNITED STATES DISTRICT JUDGE